IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIRDARIUS E. HALL,

        Petitioner,

   v.

RICK COURSEY,

        Respondent.

Case No. 2:12-cv-01957-ST

FINDINGS AND RECOMMENDATIONS

    Kristina Hellman, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Nick M. Kallstrom, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATIONS

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2001 state court convictions and resulting sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

In 2001, petitioner was convicted of Rape in the First Degree and Sexual Abuse in the First Degree and sentenced to 130 months in prison. Respondent's Exhibit 101. The trial judge ran the 130-month sentence concurrently with a 75-month sentence petitioner was already serving based on separate felony convictions from 1999. Petitioner's Exhibit 1. At that time, petitioner had already served 28 months of his 75-month sentence. Thus, that portion of the sentence could not run concurrently with the newly imposed criminal sentence.

Petitioner filed a direct appeal, and the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion. *State v. Hall*, 199. Or. App. 417, 112 P.3d 1203 (2005). Petitioner did not seek review by the Oregon Supreme Court, and an Appellate Judgment was issued on July 14, 2005.

Petitioner did not file for post-conviction relief. Instead, more than five years after his Appellate Judgment issued, he filed a state habeas corpus petition in Umatilla County on October 27,

2 - FINDINGS AND RECOMMENDATIONS

2010. He claimed that the Oregon Department of Corrections was not properly administering his sentence because it had not run the entirety of his 75-month sentence concurrently to his 130-month sentence from 2001, but had instead run only the unserved portion of the 75-month sentence concurrently to the 130-month sentence. The Umatilla County Circuit Court dismissed the Petition on the State's motion. Respondent's Exhibit 114. The Oregon Court of Appeals affirmed this decision without opinion, and the Oregon Supreme Court denied review. *Hall v. Coursey*, 248 Or. App. 755, 275 P.3d 1017, *rev. denied*, 352 Or. 265, 286 P.3d 1230 (2012).

Petitioner filed this federal habeas action on October 31, 2012, alleging that: (1) the State deprived him of an attorney because there was "not a signed, completed or notarized 'Affidavit of Attorney Representation'"; (2) his sentence is excessive and unlawful because there is no proof within the record to support his mandatory minimum and departure sentences; and (3) his 2001 prosecution violated the Double Jeopardy and Due Process Clauses of the Constitution. Respondent asks the court to deny relief because: (1) the Petition is untimely; (2) the only claim petitioner argues is neither contained in the Petition for Writ of Habeas Corpus nor fairly presented to any of Oregon's state courts; and (3) the claim is meritless.

///
///

3 - FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Petitioner does not argue any of the claims he alleges in his Petition. Instead, his supporting memorandum raises a new claim that trial counsel was constitutionally ineffective when he failed to object to the imposition of petitioner's 2001 sentence because it was not run **fully** concurrently with the 1999 sentence as he believes the trial judge intended.

## I. Pleading Deficiency

Petitioner's only argued claim is not contained in the Petition for Writ of Habeas Corpus and, therefore, is ineligible for review. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition). For this reason alone, relief on the Petition should be denied.

## II. Timeliness and Equitable Tolling

Even if petitioner had included his ineffective assistance of counsel claim in his Petition, he concedes that he failed to file this federal habeas action within the one-year statute of limitations imposed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. 2244(d)(1). He argues that the court should equitably toll the statute of limitations for a period

4 - FINDINGS AND RECOMMENDATIONS

of several years because he filed numerous cases in various courts, taking every opportunity to have his sentencing structure reviewed. He claims that the courts' rulings on his claims foreclosed relief at every turn and constituted objective factors that made it impossible for him to timely file this case.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, ---, 130 S. Ct. 2549, 2560 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner twice filed for federal habeas corpus relief, but his Petitions in both cases challenged his 1999 convictions, not those from 2001. *Hall v. Blacketter*, Case No. 3:06-cv-00688-MO (docket #2); *Hall v. Mills*, Case No. 6:07-cv-01904-HO (docket #2). He does not explain why he was able to twice file for federal habeas corpus relief as to his 1999 convictions, but was prevented

5 - FINDINGS AND RECOMMENDATIONS

by extraordinary circumstances from doing the same with respect to his 2001 convictions.

Not only did petitioner fail to file a federal habeas challenge to his 2001 convictions until years after the statute of limitations had run, but he also never filed for state post-conviction relief which was the proper avenue in Oregon by which to present his argued claim of ineffective assistance of counsel. This record shows petitioner was not diligent in pursuing his claim. Accordingly, equitable tolling is not appropriate, rendering his Petition untimely filed.

### III. **Exhaustion and Procedural Default**

A habeas petitioner is required to present his claims to a state's highest court in order to preserve them for federal habeas review. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). Where he fails to do so, the claims are procedurally defaulted and therefore ineligible for federal review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Where petitioner did not present his argued claim of ineffective assistance of counsel to any state court, he concedes that the claim is procedurally defaulted. He does not attempt to show cause and prejudice or make a colorable showing of actual innocence to excuse the default, and instead asserts that it would be fundamentally unfair to deprive a petitioner of his right to habeas corpus based upon the exhaustion requirement. This position

6 - FINDINGS AND RECOMMENDATIONS

is plainly contrary to established case law. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Rose*, 455 U.S. at 519. As such, petitioner's claim is procedurally defaulted by virtue of his failure to fairly present it.

Even if petitioner had been able to overcome all of the procedural deficiencies with his case, he would not be entitled to relief. The sentencing court purported to run the 2001 sentences concurrently with the 1999 sentence, and that is exactly what it did. There is no indication the trial judge intended for the 2001 sentence to begin running retroactively from 1999. Instead, he ran the 2001 sentence concurrently with the 1999 sentence from the moment he imposed it. As a result, petitioner's 75-month sentence was effectively reduced to 28 months. Because there is no indication that the trial judge wished to effectively reduce the 1999 sentence to a nullity, petitioner can neither show that counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

### IV. **Motion for Evidentiary Hearing**

Petitioner also has filed a Motion for an Evidentiary Hearing (docket #31). Because this action is resolved on procedural grounds and because the existing record is sufficient to do so, petitioner's request for an evidentiary hearing should be denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (where the

7 - FINDINGS AND RECOMMENDATIONS

record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## RECOMMENDATIONS

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) and petitioner's Motion for Evidentiary Hearing (docket #31) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due February 3, 2014. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will go under advisement.

DATED this <u>17th</u> day of January, 2014.

s/Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge